IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,       *
                                *
                                *
vs.                             *    CRIMINAL NO. 09-00240-KD
                                *
JOSE NORIEGA                    *


<u>ORDER OF DETENTION</u>

In accordance with the Bail Reform Act, 18 U.S. C. § 3142(f),
a detention hearing was conducted on November 13, 2009.  Based upon
the evidence presented, the undersigned concludes that Defendant is
to be detained pending trial.

I.   **Underlying Charges**

Defendant Jose Noriega, along with Defendants Yzumy Rodriguez,
Omar David Huezo, Juan Ramon Sabina, Alcides Sabina, Juan Carlo
Aloma, and Madelyn Aloma, have been charged in a three count
indictment returned by the Grand Jury on October 29, 2009.  The
indictment charges that beginning on or about January 1, 2009 and
continuing until the return of the indictment, Defendants conspired
to unlawfully distribute and possess with intent to distribute
marijuana in violation of Title 21 U.S.C. § 846.  Additionally, it
is alleged that Defendants, on October 9, 2009, unlawfully
possessed with intent to distribute marijuana in violation of 21
U.S.C. § 841(a)(1)[1].

_____

[1]The indictment also includes a forfeiture count.

At the detention hearing, the Government presented evidence that an anonymous telephone tip culminated in the search of four residences in North Mobile County on October 9, 2009.  The first residence searched was 6562 Jib Road West, in Eight Mile, Alabama. The search of this residence yielded more than 100 marijuana plants, an elaborate electrical system, an extensive high tech lighting system and a firearm.  8500 Chutney Drive in Eight Mile, Alabama was the second residence which was searched.  The search of a barn located at this address yielded more than 240 marijuana plants, an elaborate electrical system an extensive high tech lighting system and a firearm.  The third residence which was searched was 5540 Kushla McLeod Road. This search yielded more than 150 marijuana plants, an elaborate electrical system, and an extensive high tech lighting system.  No marijuana nor plants were located during the search of the fourth residence.   The investigation following these searches lead to the instant indictment.

## II. Analysis

Pretrial detention of a criminal defendant is appropriate when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).  In drug cases, when the defendant faces a maximum of over ten years of imprisonment, such as the instant case, the Bail Reform Act

2

establishes a rebuttable presumption that the defendant is both a flight risk and a threat to the community[2]. <u>See</u> <u>Id.</u> "This presumption imposes on a defendant the burden of production to come forward with evidence suggesting that [he] is neither a danger to the community nor a risk of flight." <u>United States v. Allen</u>, 891 F. Supp. 594, 597 (S.D. Fla. 1995).  If the defendant fails to rebut either part of the statutory presumption (i.e., the risk of flight or danger to the community), pretrial detention is warranted. <u>See</u> <u>United States v. King</u>, 849 F. 2d 485,488 (llth Cir. 1988).  On the other hand, if the defendant rebuts both prongs of the presumption, the burden shifts to the government to establish that the defendant is either a flight risk or a danger to the community.[3]

---

[2]The presumption arises upon probable cause that the defendant has committed a drug offense carrying a maximum penalty of over ten years imprisonment. See 18 U.S.C. § 3142(e).  In the Eleventh Circuit, probable cause for § 3142(e) purposes is established by the return of an indictment against a defendant, charging him with an offense punishable by more than ten years imprisonment.  See <u>United States v. King</u>, 849 F. 2d 485, 487-88 (llth Cir. 1988). In this case, Count one of the Indictment charges conspiracy with intent to distribute marijuana, under 21 U.S.C. § 846 and carries a penalty of 5 to 40 years.  Count two of the indictment charges possession with intent to distribute marijuana, under 21 U.S.C. § 841(a)(1) and carries a penalty of twenty years. Thus, probable cause for triggering §3142(e)'s presumption has been established.

[3]The United States is charged with different burdens of proof on the issues of risk of flight and danger tot he community.  The United States need only prove risk of flight by a preponderance of evidence, while it must prove that a defendant presents a danger to the community by clear and convincing evidence. *See* <u>United States v. Quartermaine</u>, 913 F. 2d 910, 915-17 (llth Cir. 1990).

In weighing the evidence as to risk of flight and dangerousness, the Court must consider the factors listed in 18 U.S.C. § 3142(g).

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence...;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, drug or alcohol abuse, criminal history and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial sentencing, appeal, or completing of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Id.

**A. Flight Risk**

Based on the evidence presented at the detention hearing, the undersigned finds that Defendant Noriega has not presented evidence

4

to rebut the presumption that he poses a serious risk of flight and a danger to the community.  The evidence reflects that Defendant Jose Noriega is the owner of the Chutney Drive property and was present during the search of the barn, which yielded 245 marijuana plants, an elaborate electrical system, an extensive high tech lighting system and a firearm. Defendant has minimal ties to this area.  He resided at the Chutney Drive residence for less than a year, and he has no other family members residing in this area[4]. Moreover, while Defendant, who was born in Cuba, is a lawful resident of this Country, he has close relatives, namely his father and a sibling, still residing in Cuba.  The fact that Defendant has relatives residing in the Miami, Florida area, and that he owns property in both Mobile and Miami is not sufficient, standing alone, to rebut the presumption that he is a flight risk.  Nor is the fact that he has no criminal record.  See <u>United States v. Rivera</u>, 90 F. Supp. 2d 1338, 1343 (S.D. Fla. 2000).

In addition, the Government presented facts that support a finding of a flight risk even if the presumption had been rebutted. Specifically, the evidence against Defendant Noriega appears very strong, he faces a lengthy term of imprisonment if convicted, and he has significant ties outside of this country.  Plus, while Defendant reported that he has not been employed in over a year, it appears that he nevertheless has resources which have enabled him

---

[4]The evidence reflects that Defendant's wife, Yzumy Rodriguez, who is also a co-defendant in this action, relocated to Florida shortly before the October 9th search.

to maintain properties in both Mobile and Miami.  Accordingly, the undersigned finds that Defendant has failed to rebut the presumption that he is a flight risk and that the Government has presented evidence, independent of the presumption, sufficient to satisfy its burden of proof as to the flight risk.

### B.  Danger to the Community

With respect to the issue of dangerousness, the record is absolutely devoid of evidence countering the statutory presumption, aside from Defendant's lack of a prior criminal record.  The lack of a prior criminal record, standing alone, is not sufficient to rebut the statutory presumption.  See United States v. Rivera, 90 F. Supp. 2d at 1343.  Moreover, the Government has presented strong evidence of Defendant's involvement in a sophisticated, large scale illegal marijuana growing operation.  Accordingly, the undersigned finds that even in the absence of the statutory presumption, there is strong evidence supporting the Government's position that Defendant Noriega represents a danger to the community, and that there are no conditions that would reasonably assure the safety of the community. Thus, Defendant is to be detained.

### III. Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done this **16th** day of **November, 2009.**

_____**/s/ Sonja F. Bivins**_____
**UNITED STATES MAGISTRATE JUDGE**