IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )   CRIMINAL NO. 09-00240-KD-N |
| | ) |
| JOSE NORIEGA, | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on limited remand from the Eleventh Circuit. On June 12, 2012, the Court held an evidentiary hearing to address the question of fact presented by the court of appeals' remand: "whether Corporal [now-Mobile County Sheriff's Deputy Wilbur] Williams would have sought the oral search warrant for the Chutney Drive house and outbuilding if he had not already conducted the protective sweep of that house." United States v. Noriega, 676 F.3d 1252, 1263 (11th Cir. 2012). Based on Deputy Williams' sworn hearing testimony,[1] the Court answers the court of appeals' question in the affirmative.

At the evidentiary hearing, Williams supported with no fewer than a half-dozen reasons his unequivocal testimony that, in fact, he would have sought a search warrant for the Chutney Drive house and outbuilding even if he had not first swept that house. First, Williams noted that the anonymous tip that led him to the Chutney Drive property had already been corroborated in part by the evidence found during Williams' earlier search of the Jib Road property. Williams also noted that — consistent with the partially corroborated tip — he observed at the Chutney Road property large air conditioning units attached to an outbuilding that were similar to the air conditioning units attached to the Jib Road outbuilding inside of which he had found remnants of a marijuana growing operation. Williams further noted that, in the interest of his own safety and that of his

---

[1]   The Court finds Deputy Williams' testimony to be credible in all respects.

fellow officers on the scene, he would have conducted a protective sweep of the Chutney Drive *outbuilding* even if he had not been able to first sweep the Chutney Drive house. As the Eleventh Circuit noted, and as Deputy Williams reiterated at the aforementioned evidentiary hearing, it was during the course of that sweep that Williams detected the odor of marijuana and proceeded to draft a search warrant affidavit for both the outbuilding and the house. Id. at 1257. Williams explained that, based on his observations both at the Jib Road property and during his sweep of the Chutney Drive outbuilding, and without regard for anything he observed during the course of his sweep of the Chutney Drive house, he would have included the house in his search warrant application because 1) the search executed at the Jib Road property indicated that the marijuana growing operation at that location had been moved from the outbuilding into the house and 2) Williams believed that records pertaining to the ownership of the property, records pertaining to the suspected marijuana growing operation, and/or proceeds from the marijuana growing operation could be found inside the house.

Given Deputy Williams' credible testimony and Defendant's failure to persuasively challenge the same following thorough cross-examination, the Court finds as a matter of fact that, even if he had not first conducted a protective sweep of the Chutney Drive house, Williams would have sought a warrant to search that house and its outbuilding.

**DONE** this **13th** day of **June 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**